UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABU KHALID ABDUL-LATIF,

     Petitioner,

 v.

UNITED STATES OF AMERICA,

     Respondent.

CASE NO. C13-1715JLR

ORDER DENYING MOTION
FOR RELIEF FROM JUDGMENT

Before the court is *pro se* Petitioner Abu Khalid Abdul-Latif's second motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Mot. (Dkt. # 38).) Mr. Abdul-Latif seeks relief from the court's January 30, 2014, order denying his motion to set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*Id.* at 1; *see also* 1/30/14 Order (Dkt. # 11).) The court DENIES the motion for the reasons set forth below.

In December 2017, Mr. Abdul-Latif filed a motion for relief from judgment under Rule 60(b). (*See* 12/12/17 Mot. (Dkt. # 33).) The court referred that motion to the Ninth

Circuit upon finding that the motion attacked the integrity of the grand jury proceedings, not Mr. Abdul-Latif's § 2255 proceedings, and thus was in substance a second or successive § 2255 motion that required certification by the Ninth Circuit. (1/25/18 Order (Dkt. # 36) at 3-5.) As the court explained in its order referring Mr. Abdul-Latif's motion, a district court must treat a Rule 60(b) motion as a second or successive habeas petition unless it attacks some defect in the integrity of the federal habeas proceeding. (*Id.* at 3 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 524 (2005).)

In the present motion, Mr. Abdul-Latif expressly states that he seeks relief under Rule 60(b) because "he was not afforded a fair hearing and reliable determination [of] his claims . . . on his § 2255 motion." (Mot. at 2.) Specifically, Mr. Abdul-Latif argues that the court deprived him of a meaningful opportunity to be heard when it denied his request to appoint counsel and declined to hold an evidentiary hearing on his § 2255 motion. (*Id.* at 3.) Mr. Abdul-Latif suggests that he is entitled to relief under Rule 60(b)(4), which permits a court to grant relief from judgment where "the judgment is void," and Rule 60(b)(6), which contemplates relief from judgment for "any other reason that justifies relief." (*Id.* at 2-3; 21-22; 23); *see also* Fed. R. Civ. P. 60(b)(4), (6).

Mr. Abdul-Latif's motion is untimely. A motion for relief under Rule 60(b)(4) or Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). "What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d

1053, 1055 (9th Cir. 1981)) (internal quotation marks omitted). In brief, "relief [under Rule 60(b)] may only be granted where the petitioner has diligently pursued review of his claims." *Foley v. Biter*, 793 F.3d 998, 1004 (9th Cir. 2015). Mr. Abdul-Latif filed this motion nearly four years after the court denied his first § 2255 motion.[1] The grounds for his motion were known and available to him in April 2014, when the court entered judgment on his § 2255 motion. (*See* Judgment (Dkt. # 18).) Even allowing Mr. Abdul-Latif the solicitude due *pro se* litigants, the court finds that he failed to move for relief under Rule 60(b) within a reasonable period. *See, e.g.*, *Kingdom v. Lamerque*, 392 F. App'x 520, 521 (9th Cir. 2010) (finding untimely a Rule 60(b)(6) motion filed more than one year after the district court's denial of the petitioner's habeas petition); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (Rule 60(b)(6) motion filed more than three years after the court denied the petitioner's habeas petition was an unreasonable delay).

Moreover, Mr. Abdul-Latif's motion fails on the merits. Mr. Abdul-Latif provides no reason for the court to conclude that it erred in denying him counsel and declining to hold an evidentiary hearing on his § 2255 motion. (*See* 1/30/14 Order; *see also* 4/7/14 Order (denying Mr. Abdul-Latif's motion for reconsideration of the court's order on his § 2255 motion).)

//

---

[1] Since the court denied Mr. Abdul-Latif's first § 2255 motion, he has sought permission to file a second and successive § 2255 motion on more than one occasion. *See, e.g.*, *Abdul-Latif v. United States*, No. C14-1997JLR (W.D. Wash.), Dkt. # 1. The present motion focuses on this court's denial of Mr. Abdul-Latif's first § 2255 motion. (*See* Mot. at 1.)

For the foregoing reasons, the court DENIES Mr. Abdul-Latif's motion for relief from judgment (Dkt. # 38).

Dated this 9th day of January, 2019.

*[signature]*

The Honorable James L. Robart
U.S. District Court Judge